UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUDY C. RAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-01025 |
| ) | Judge Trauger |
| FOOD SERVICE DIRECTOR M. ) | |
| MITCHELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Criminal Justice Center (CJC) in Nashville. He brings this action under 42 U.S.C. § 1983, and Title VI of the Civil Rights Act of 1964. The plaintiff alleges that Mr. f/n/u Mitchell, the sole defendant to this action, has violated his rights under the First and Eighth Amendments.

The complaint pertains to the food that the plaintiff receives at CJC. (Docket Entry No. 1, ¶ IV, pp. 3-4, and attached continuation pages) The plaintiff, who claims to be on a renal diet, makes the following specific allegations: 1) he does not receive sufficient food; 2) the food items and the portions that he receives are not in accordance with his renal diet; 3) the defendant responds improperly to his grievances about the food; 4) the defendant is discriminating against him for reasons of race, color, and/or national origin; 5) the defendant is discriminating against him because he is disabled.

### II. ANALYSIS

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a

prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### A. Plaintiff's Claims Under § 1983

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Eighth Amendment, state officials are only required to provide prisoners adequate food. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). More particularly, the Eighth Amendment requires only that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801

F.2d 765, 770 (5th Cir. 1986)(quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977))(footnotes omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996)(holding that to comply with the Constitution, inmates must receive "reasonably adequate" food).

Apart from asserting that the food that he receives at CJC is insufficient, and not prepared in accordance with his dietary requirements, the plaintiff does not allege, nor can it be liberally construed from the complaint, that the food he receives lacks sufficient nutritional value to preserve his health. Specifically, the plaintiff does not allege, nor can it be liberally construed from the complaint, that he has lost weight, suffered any adverse health problems, or that he is likely to so if the alleged problems with his food are not resolved.[1]

The plaintiff's complaint that the defendant responds improperly to his concerns, *i.e.*, that he has a "nasty way" of responding to the plaintiff, and that he has a "dissatisfying attitude toward" the plaintiff, does not rise to the level of a constitutional violation. The Constitution does not require the defendant to be nice to the plaintiff. Moreover, words alone are "not an actual infringement of a constitutional right, and thus . . . [are] not actionable under section 1983." *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989); *see also Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995)(citing *Emmons v. McLaughlin*).

With respect to the adequacy of the defendant's response to the plaintiff's grievances, although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure, *Ilim v. Wakinekona*, 461 U.S. 238, 249 (1983). Consequently, the plaintiff cannot premise a § 1983

---

[1] The plaintiff does allege that, "based on the inmate grievance response," the defendant "clearly states" that the defendant "ha[s] been allowing [the plaintiff] to lose or suffer without a full balance renal . . . diet." (Docket Entry No. 1, Attach. Part II) This allegation is not supported by any of the grievances attached to the complaint. Nor is there anything in the complaint or attached grievances from which this claim can be liberally construed.

3

claim on his allegation that the defendant's responses to his grievances were inadequate and/or unresponsive, because there is no inherent constitutional right to an effective grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Shehan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

Finally, apart from alleging that the defendant is discriminating against him for reasons of race, color, national origin, and disability, the complaint is devoid of any factual allegations that support these claims. The plaintiff does not specify, nor can it be liberally construed from the complaint, to what minority group he belongs, if any, or what his disability is.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the court to conjure up unpled facts to support the plaintiff's discrimination claims. *Wells*, 891 F.2d at 594.

### B. Plaintiff's Claims Under Title VI

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to

discrimination under any program or activity receiving Federal financial assistance."[2]  42 U.S.C. § 2000d.  Title VI was intended to "halt federal funding of entities that violate a prohibition of racial discrimination similar to that of the Constitution."  *Neighborhood Action Coalition, et al., v. City of Canton, Ohio*, 882 F.2d 1012, 1014 (6th Cir. 1989)(citing *Regents of the University of California v. Bakke*, 438 U.S. 265, 284 (1978)).

To maintain a private right of action under Title VI, the plaintiff must make a threshold showing that CJC receives federal financial assistance.  *See Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996).  The plaintiff does not allege, nor can it be liberally construed from the complaint, that CJC receives federal financial assistance.

Assuming for the sake of argument that CJC does receive federal financial assistance, the plaintiff does not allege, nor can it be liberally construed from the complaint, that he was excluded from participating in, or denied the benefits of, any program funded by that assistance.  Only a program which actually benefits from federal financial assistance is subject to Title VI regulations prohibiting discrimination.  *See e.g., Grove City College v. Bell*, 465 U.S. 555 (1984)(superseded in part by the Civil Rights Restoration Act of 1987, Pub.L. No. 100-259, 102 Stat. 28 (1988)).  In other words, just because CJC may receive federal financial assistance for some programs and activities, that does not mean that every aspect of CJC's operations is subject to Title VI.

Finally, the plaintiff has made no effort to establish a nexus between any federal financial assistance that CJC might receive and the defendant's alleged discriminatory conduct.  *See David K. v. Lane*, 839 F.2d 1265, 1276-77 (7th Cir. 1988)(there must be a nexus between the federal funds and the actions challenged).  As previously established, the plaintiff has provided no information

---

[2] The language "program or activity" is defined as "all the operations of" a "department, agency, . . . or other instrumentality of a State or of a local government."  42 U.S.C. § 2000d-4a(1)(A).

5

from which it may be concluded that he is a racial minority, or that the defendant's alleged actions were based on any racially motivated discriminatory animus.

### III.  CONCLUSION

For the reasons explained herein, the plaintiff's claims lack an arguable basis in law or fact. Accordingly, the complaint will be dismissed as frivolous.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge

6

Case 3:09-cv-01025   Document 3   Filed 11/03/09   Page 6 of 6 PageID #: 30